IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[1] NELSON DEL VALLE-COLÓN,
[2] NICKOLLE SANTOS-ESTRADA,
[3] MILDRED ESTRADA-ROJAS,

Defendants.

CRIM. NO.: 20-260 (SCC)

**OPINION AND ORDER**

The Grand Jury charged a former member of the Puerto Rico House of Representatives, Nelson Del Valle-Colón, and two of his aides, Nickolle Santos-Estrada and Mildred Estrada-Rojas, with offenses stemming from a theft and bribery scheme where he fraudulently inflated his aides' paychecks in exchange for bribes and kickbacks from them.

Del Valle-Colón has moved the Court under Federal Rule of Criminal Procedure 12(b) to dismiss Counts One, Two, and

Three[1] of the indictment against him. Docket No. 47. He makes other pretrial requests as well. *Id.* Santos-Estrada and Estrada-Rojas moved to join his motion, Docket Nos. 48, 49, which we allowed, Docket No. 52.

## I.

The defendants argue first that the federal program bribery statute, 18 U.S.C. § 666, does not apply to them because they are not "agent[s]" of a "State" within the meaning of subsection 666(a)(1). Docket No. 47, pgs. 7–8.

But they do not tell us which subsection of Rule 12(b) they bring this argument under. Under Rule 12(b)(3),[2] we evaluate "whether the allegations in the indictment are sufficient to apprise the defendants of the charged offense." *United States*

---

1. Conspiracy under 18 U.S.C. § 371, Federal Funds Theft under 18 U.S.C. § 666(a)(1)(A), and Federal Funds Bribery and Kickbacks under 18 U.S.C. § 666(a)(1)(B), respectively.

2. Rule 12(b)(3)(B)(v) provides, as relevant, that a defendant may "raise[ ] by pretrial motion . . . a defect in the indictment or information, including . . . failure to state an offense."

*v. Brissette*, 919 F.3d 670, 675 (1st Cir. 2019) (quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012)); *see also United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014) ("At the indictment stage, the government need not "show," but merely must allege, the required elements."). Under Rule 12(b)(1),[3] in contrast, we may evaluate whether the government is capable—as a matter of law—of proving an aspect of its case. *See Brissette*, 919 F.3d at 676 ("[W]here the government does not dispute the ability of the court to reach the motion" and "does not dispute the pertinent facts,"  the district court may determine whether "*as a matter of law*, the government is [ ]capable of proving" an aspect of its case (first quoting *United States v. Musso*, 914 F.3d 26, 29–30 (1st Cir. 2019); and then quoting *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994))). Because the defendants and the government agree to the pertinent facts, and the government does not

---

3. Rule 12(b)(1) provides, as relevant, that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

contest that we may reach this issue, we will treat it—
favorably to the defendants—as raised under Rule 12(b)(1).[4]
That is, we will determine whether it is legally possible under
the indictment's allegations that the defendants are agents.

Subsection 666(a)(1) requires the government to prove
that each defendant is an "agent of an organization, or of a
State, local, or tribal government, or any agency thereof." And
an "agent" is a "person authorized to act on behalf of another
person or government and, in the case of a . . . government,
"includes a servant or employee, and a . . . representative." 18
U.S.C. § 666(d)(1). The Commonwealth of Puerto Rico is a
State government,[5] and its legislature is "part of the
Commonwealth government." *United States v. Bravo-
Fernández (Bravo-Fernández I)*, 722 F.3d 1, 9 (1st Cir. 2013); *see*

---

4. If we evaluated this argument under Rule 12(b)(3), we would reject it
because, at this stage, the government need only allege that the defendants
are agents within the meaning of subsection § 666(a)(1). And it does so.
*See* Docket No. 3, pg. 4.

5. "State" includes "any Commonwealth, territory, or possession of the
United States." 18 U.S.C. § 666(d)(4).

*also* P.R. CONST. art. III, § 1. Members of the Puerto Rico legislature, therefore, "represent the 'State' as a whole." *Bravo-Fernández I*, 722 F.3d at 9.

Because he was a representative in the Puerto Rico House of Representatives during the relevant time, Docket No. 3, pg. 2; Docket No. 47, pg. 7, Del Valle-Colón may be an agent of the Commonwealth of Puerto Rico. *See Bravo-Fernández I*, 722 F.3d at 9 (holding that members of the Puerto Rico Senate may be agents of the Commonwealth of Puerto Rico for purposes of § 666); *United States v. Roberson*, 998 F.3d 1237, 1250 (11th Cir. 2021) (holding that a representative in the Alabama Legislature is "an agent of the State of Alabama for purposes of 18 U.S.C. § 666"). Similarly, because they were employees of the Puerto Rico House of Representatives, Docket No. 3, pg. 4; Docket No. 48, pg. 2; Docket No. 49, pg. 3, Santos-Estrada and Estrada-Rojas may be agents of the Commonwealth of Puerto Rico. *See United States v. Sotomayor-Vásquez*, 249 F.3d 1, 10 (1st Cir. 2001) ("§ 666 has been given a

wide scope, to include all employees 'from the lowest clerk to the highest administrator.'" (quoting *United States v. Brann*, 990 F.2d 98, 101 (3d Cir. 1993))).

We hold only that the defendants do not—as a matter of law—fall outside the scope of subsection 666(a)(1). But whether they fall within its scope, of course, is for the jury. *Roberson*, 998 F.3d at 1249.

## II.

The defendants argue next that there is no evidence that the Commonwealth of Puerto Rico received "benefits" within the meaning of 18 U.S.C. § 666(b), Docket No. 47, pg. 5, and that the indictment is insufficient because it fails to name the specific federal program that gave these benefits, Docket No. 47, pgs. 10–12.[6]

The procedural posture of this case is critical to our

---

6. We recast the defendants' arguments in terms of the Commonwealth of Puerto Rico, as opposed to the Puerto Rico House of Representatives, because subsection 666(b) requires that the Commonwealth of Puerto Rico—the entity from subsection (a)(1)—receive benefits.

analysis. For we, at this stage, must assume that the allegations in the indictment are true. *Stewart*, 744 F.3d at 21. And we do not ask "whether the government has presented enough evidence to support the charge"—the sole question is "whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018); *see also Savarese*, 686 F.3d at 6 ("[A]n indictment is adequate if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy." (citing *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993))).

Against this backdrop, we reject the defendants' argument that the indictment is insufficient for failing to provide evidence that the Commonwealth of Puerto Rico received benefits within the meaning of subsection 666(b). The government does not need to show in the indictment that the elements of each offense are satisfied. *Stewart*, 744 F.3d at 21.

United States v. Del Valle-Colón                                                        Page 8

It need only allege that they are. *Id.* Here, then, the government needed only to allege that the Commonwealth of Puerto Rico "receives, in any one year period, benefits in excess of $10,000 under a Federal program." 18 U.S.C. § 666(b). And it does so. *See, e.g.*, Docket No. 3, pg. 18 (stating that, "in each of the calendar years . . . the Commonwealth of Puerto Rico received in excess of $10,000 from the United States government under federal programs").

We turn next to the defendants' argument that the indictment is insufficient for failing to name the federal program that gave these benefits. The heart of their argument is that, under *United States v. Bravo-Fernández (Bravo-Fernández III)*, 913 F.3d 244 (1st Cir. 2019), the indictment must name the federal program in order to satisfy subsection 666(b), the jurisdictional element.

We acknowledge that *Bravo-Fernández III* states that "without reference to a specific federal program it is not only difficult but impossible" to determine whether the

jurisdictional element is satisfied. 913 F.3d at 250–51. But, again, the procedural posture here is critical. *Bravo-Fernández III* reviewed, posttrial, "[w]hether the government introduced evidence at trial to satisfy the jurisdictional element under 18 U.S.C. § 666(b)." *Id.* at 247. We, in contrast, are reviewing pretrial the sufficiency of the indictment. At this stage, "we do not evaluate the sufficiency of the evidence that the government might have to back up the indictment." *United States v. Vega-Martínez*, 949 F.3d 43, 48 (1st Cir. 2020) (citing *United States v. Guerrier*, 669 F.3d 1, 4–5 (1st Cir. 2011)). "Whether the evidence [is] sufficient to back up" the government's allegations "is a matter for trial." *Id.* at 49.

As noted earlier, the government alleged in the indictment that the jurisdictional element is satisfied. *See, e.g.*, Docket No. 3, pg. 18. We take this as true, *see Guerrier*, 669 F.3d at 3–4, and leave for trial whether the government can prove it.

### III.

The defendants argue finally that the safe-harbor

provision, 18 U.S.C. § 666(c), covers their conduct. Subsection 666(c) provides that the statute "does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." The defendants argue that this provision applies here because the government "fails to allege" that Del Valle-Colón's aides were paid outside the usual course of business, Docket No. 47, pg. 13, and their salaries could not have been fraudulently inflated because they were similar to or less than other aides' salaries, Docket No. 48, pg. 2; Docket No. 49, pg. 1.

The government generally does not have to allege that an exception within a statute does not apply when charging a defendant under it. *United States v. Reza-Ramos*, 816 F.3d 1110, 1120 (9th Cir. 2016). But, in any event, the government does allege that Del Valle-Colón's aides were paid outside the usual course of business. A bona-fide salary in the usual course of business is a "salary actually earned in good faith for work done for the employer." *United States v. George*, 841

F.3d 55, 62 (1st Cir. 2016). A salary inflated through a fraudulent scheme, by contrast, is not earned in good faith. *See United States v. Berroa*, 856 F.3d 141, 161 (1st Cir. 2017) ("[I]ntent to defraud is 'essentially the opposite of good faith.'" (quoting *United States v. Dockray*, 943 F.2d 152, 155 (1st Cir. 1991))). Because the government alleges that Del Valle-Colon fraudulently inflated his aides' salaries in exchange for bribes and kickbacks from them, it has alleged that the salaries were not bona fide.

Moreover, whether the defendants' conduct falls within the safe-harbor provision is a question for the jury. *George*, 841 F.3d at 62 (citing *United States v. Cornier-Ortiz*, 361 F.3d 29, 36 (1st Cir. 2004)).

## IV.

We turn to the other pretrial issues.

### A. Grand Jury Instructions

The defendants move the Court to order the government to disclose the Grand Jury instructions on Counts One, Two,

and Three of the indictment. Docket No. 47, pg. 19. But the
"'indispensable secrecy of grand jury proceedings' must not
be broken except where there is a compelling necessity."
*United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)
(citation omitted) (quoting *United States v. Johnson*, 319 U.S.
503, 513 (1943)). And the defendants have shown none. *See
United States v. Capozzi*, 486 F.3d 711, 727 (1st Cir. 2007) ("The
burden of showing particularized need rests squarely on the
defendant." (citing *Pittsburgh Plate Glass Co. v. United States*,
360 U.S. 395, 400 (1959))).

Moreover, the defendants request the instructions because
they believe they were defective since there is "no evidence"
supporting the jurisdictional element. Docket No. 47, pg. 20.
We also deny their request because they may not challenge
the evidence before the Grand Jury. *See Capozzi*, 486 F.3d at
726 ("A court should not inquire into the sufficiency of the
evidence before the grand jury, because the grand jury
proceeding is a preliminary phase of the criminal justice

process and all constitutional rights will be afforded during trial." (quoting *United States v. Maceo*, 873 F.2d 1, 3 (1st Cir. 1989))).

### B.  Bill of Particulars

The defendants also move the Court to order the government to provide a bill of particulars setting forth additional information about the charges. Docket No. 47, pgs. 21–23 (requesting exact dates and locations of acts, identities of co-conspirators, and evidence about federal program). A bill of particulars need be granted only if, in its absence, the accused will lack a "fair opportunity to prepare a defense." *United States v. Nelson-Rodríguez*, 319 F.3d 12, 31 (1st Cir. 2003) (citing *United States v. Sepulveda*, 15 F.3d 1161, 1192–93 (1st Cir. 1993)). Because the government has said that it will provide supplemental discovery concerning the jurisdictional element, Docket No. 54, pg. 24, and we believe that the indictment adequately apprises the defendants of the charges, we decline at this time to order the government to provide a

bill of particulars. *See United States v. Paiva*, 892 F.2d 148, 153–55 (1st Cir. 1989) (holding district court did not abuse its discretion in denying bill of particulars where defendant sought precise dates he participated in conspiracy, names of persons he conspired with, and times and places of acts because indictment referring to multiple transactions and specifying "early 1983" was "sufficiently narrow to allow [him] to prepare his defense").

### C.  Brady Material

The defendants ask the Court to order the government to disclose all exculpatory evidence to them. Docket No. 47, pg. 23. The government consents. Docket No. 54, pg. 25. We, therefore, order the government to produce all exculpatory evidence to the defendants under *Brady v. Maryland*, 373 U.S. 83 (1963), and remind it that, under *Giglio v. United States*, 405 U.S. 150 (1972), this includes "evidence that would impeach the credibility of government witnesses." *Gilday v. Callahan*, 59 F.3d 257, 267 n.8 (1st Cir. 1995).

### D.  Jencks Act Material

The defendants also ask the Court to order the government to produce Jencks Act material before trial. Docket No. 47, pg. 24. The Jencks Act provides, as relevant, that "*[a]fter* a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness . . . which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b) (emphasis added). Because there is no pretrial right to Jencks Act material, we will not order the government to provide it at this time. *United States v. Padilla-Galarza*, 990 F.3d 60, 79 (1st Cir. 2021) (stating that "the [defendant] had no pretrial right to the Jencks Act materials").

### E.  Federal Rule of Evidence 404(b)

The defendants request the Court to preclude the government from offering at trial evidence of uncharged crimes under Federal Rule of Evidence 404(b). Docket No. 47,

pg. 24. We decline to do so because Rule 404(b)(2) itself provides that such evidence may be used for certain purposes. FED. R. EVID. 404(b)(2) ("This evidence may be admissible [to] . . . prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of a mistake, or lack of notice.").

In the alternative, the defendants request the Court to order the government to disclose all evidence it intends to introduce under Rule 404(b) at least forty-five days before trial.[7] Docket No. 47, pg. 24. The government has agreed to thirty days. Docket No. 54, pg. 26. Under Rule 404(b)(3), the

---

7. The defendants also ask for disclosure of Rule 404(b) evidence that the government intends to use for impeachment. Docket No. 47, pg. 25. Rule 404(b)(3) requires the government to give reasonable notice regardless of how it intends to use the evidence. FED. R. EVID. 404, adv. comm. notes on 1991 amendments (stating that the prosecution must "provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal"); *see also United States v. Bradley*, 644 F.3d 1213, 1273 (11th Cir. 2011) ("Rule 404(b) does, in fact, apply to impeachment evidence."); *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999) ("Failure to provide notice . . . renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment.").

government must provide "reasonable notice." FED. R. EVID. 404(b)(3)(A). We expect the government to follow through with its agreement, but we decline to order it to do so because what constitutes reasonable notice "will depend largely on the circumstances." FED. R. EVID. 404, adv. comm. notes on 1991 amendments; *see also United States v. White*, 816 F.3d 976, 984–85 (8th Cir. 2016) (concluding that one week's notice was reasonable under the circumstances). Reasonable notice is a precondition to the admissibility of Rule 404(b) evidence, so the defendants may, of course, raise this issue later.

### F.  *Preservation of Evidence & Expert Disclosure*

The defendants also request the Court to order the government to preserve all evidence it has relating to its case and notes taken as part of its investigation or made by witnesses. Docket No. 47, pgs. 25–26. We expect the government to comply with its obligations under the Federal Rules of Criminal Procedure, U.S. Supreme Court caselaw, and our local rules to preserve all evidence that the

defendants may be entitled to. We also expect the government to comply with its obligation under Federal Rule of Criminal Procedure 16(a)(1)(G) to, "at the defendant's request," "give the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."

### G.  Pretrial Federal Rule of Evidence 801(d)(2)(E) Hearing

Finally, the defendants ask the Court to hold a pretrial hearing to determine the admissibility of co-conspirator statements that the government intends to introduce under Federal Rule of Evidence 801(d)(2)(E). Docket No. 47, pg. 27. But "as a general rule," such hearings "unnecessarily lengthen the proceedings." *United States v. Medina*, 761 F.2d 12, 17 (1st Cir. 1985); *see also United States v. Isabel*, 945 F.2d 1193, 1199 (1st Cir. 1991) ("The district court may, but need not, make a pretrial determination as to the provisional admissibility of the [alleged co-conspirator] statements."). "Although there might conceivably be instances where such

a hearing would be helpful," *Medina*, 761 F.2d at 17, the defendants have not explained why it would be helpful here.

## V.

In sum, we **DENY** the defendants' motion to dismiss Counts One, Two, and Three of the indictment (Docket No. 47). And we decline to order the government to disclose the Grand Jury instructions or to provide a bill of particulars. We, moreover, decline to hold a pretrial hearing to determine the admissibility of co-conspirator statements. Finally, we **ORDER** the government to disclose all exculpatory evidence to the defendants under *Brady v. Maryland*, 373 U.S. 83 (1963), and reiterate that we expect it to comply with the Federal Rules of Criminal Procedure, U.S. Supreme Court caselaw, and our local rules.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of November, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE